McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Lejf E. Knutson, #234203
  *lejf.knutson@mccormickbarstow.com*
Maria E. Valencia, #330872
  *maria.valencia@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant LEXINGTON
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFF CHOJNACKI,<br><br>            Plaintiff,<br><br>      v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware Company,<br><br>            Defendant. | Case No. 2:20-cv-06377-JAK-AS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>**[F.R.C.P. 12(b)(7); 28 U.S.C.§2201]**<br><br>Date:     January 11, 2021<br>Time:    8:30 a.m.<br>Crtrm:   10B |

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

MEMORANDUM OF POINTS AND AUTHORITIES

1

# <u>**TABLE OF CONTENTS**</u>

2

<u>**Page**</u>

3

I.    INTRODUCTION ........................................................................... 1

4

II.    FACTUAL BACKGROUND ............................................................ 1

5

III.    LEGAL ARGUMENT ..................................................................... 2

6

    A.    Christopher Dueringer Is An Indispensable Party ................... 3

7

    B.    Joinder Of Dueringer Is Feasible ........................................... 8

8

    C.    If Dueringer Is Not Joined In Equity And Good Conscience, Plaintiff's Complaint Should Be Dismissed ........................... 8

9

IV.    CONCLUSION .............................................................................. 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Cases**

4

5

*Amboy Bancorporation v. Jenkins & Gilchrist,*
   No. 02–CV–5410, 2007 WL 2688885 (D.N.J. Sep. 12, 2007) ..............................5

6

7

*Benson & Ford, Inc. v. Wanda Petroleum Co.,*
   833 F.2d 1172 (5th Cir. 1987) ................................................................................7

8

9

*Brackin Tie, Lumber & Chip Co., Inc. v. McLarty Farms, Inc.,*
   704 F.2d 585 (11th Cir. 1983) ...............................................................................5

10

*Bry–Man's, Inc. v. Stute,*
   312 F.2d 585 (5th Cir.1963) ..................................................................................5

11

12

*Burger King Corp. v. Am. Nat'l Bank of Trust Co. of Chicago,*
   119 F.R.D. 672 (N.D.Ill.1988) ..............................................................................5

13

14

*Carnero v. Boston Scientific Corp.,*
   433 F.3d 1 (1st Cir.2006) .......................................................................................5

15

16

*Davis v. Phoenix Ins. Co.,*
   111 Cal. 409 (1896) ...............................................................................................7

17

18

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs,*
   932 F.3d 843 (9th Cir. 2019) .................................................................................3

19

20

*E.E.O.C v. Peabody W. Coal Co.,*
   610 F.3d 1070 (9th Cir. 2010) .......................................................................2, 3, 8

21

22

*E.E.O.C. v. Peabody W. Coal Co.,*
   400 F.3d 774 (9th Cir. 2005) .................................................................................8

23

*Fid. Nat'l Title Ins. Co. v. Terra Mktg., Inc.,*
   No. CV 15-02641-AB (ASX), 2015 WL 12765114 (C.D. Cal. Sept. 2, 2015) ......3

24

25

*Fiscus v. Combus Fin. AG,*
   No. CIV.A. 03-1328(JBS), 2007 WL 4164388 (D.N.J. Nov. 20, 2007)................5

26

27

*Gauss v. Kirk,*
   198 F.2d 83 (D.C. Cir. 1952)................................................................................4

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

ii

MEMORANDUM OF POINTS AND AUTHORITIES

1
2

## TABLE OF AUTHORITIES
### (Continued)

**Page**

3
4

*Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.*,
546 F.2d 1227 (5th Cir.1977) ........................................................................5

5
6

*Hertz Corp v. Friend*,
559 U.S. 77 (2010).........................................................................................8

7

*Holotka v. First Liberty Ins. Corp.*,
No. 1:13-CV-0650-WSD, 2013 WL 5493385 (N.D. Ga. Oct. 2, 2013) ................7

8
9

*Jacobsen v. Luckenbach S.S. Co.*,
201 F.Supp. 883 (D.Or. 1961) .....................................................................4

10
11

*Lopez v. Martin Luther King, Jr. Hospital*,
97 F.R.D. 24 (C.D. Cal. 1983)...................................................................4, 6

12
13

*Makah Indian Tribe v. Verity*,
910 F.2d 555 (9th Cir. 1990) .......................................................................4

14
15

*Prader v. Science Dynamics Corp.*,
No. 99–5303, 2000 U.S. Dist. LEXIS 18666 (D.N.J. Dec. 19, 2000) ..................6

16
17

*Rashid v. Kite*,
957 F.Supp. 70 (E.D.Pa.1997) .....................................................................6

18
19

*Republic of Philippines v. Pimentel*,
553 U.S. 851 (2008)......................................................................................3

20

*Ryan v. Volpone Stamp Co., Inc.*,
107 F.Supp.2d 369 (S.D.N.Y.2000) .............................................................6

21
22

*Southwest Airlines Co. v. Texas International Airlines*,
546 F.2d 84 (5th Cir. 1977) ..........................................................................7

23
24

*Tell v. Trustees of Dartmouth Coll.*,
145 F.3d 417 (1st Cir. 1998)..........................................................................7

25
26

*Travelers Indem. Co. v. Household Int'l, Inc.*,
775 F.Supp. 518 (D.Conn.1991)....................................................................5

27
28

*Tribe v. Rancheria*,
787 F. App'x 421 (9th Cir. 2019) ..................................................................3

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

iii

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

<u>Page</u>

**Statutes**

28 U.S.C.§2201..........................................................................................................1

**Rules**

F.R.C.P. 12..................................................................................................1, 2, 4, 9

F.R.C.P. 19..................................................................................................1, 2, 4, 9

**Secondary Sources**

Wright, Miller & Kane, Federal Practice and Procedure
    Civil 3d § 1613 ....................................................................................................5

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

## I. __INTRODUCTION__

This action arises from an insurance claim stemming from damages caused by the July 23, 2018 Cranston Fire to a residence insured under a policy issued by Defendant Lexington Insurance Company ("Lexington"). The Lexington Policy attached as Exhibit "A" to the Complaint identifies the sole named insured as Christopher Dueringer ("Dueringer"). *See* Complaint, Exhibit "A," p. 18 of 80. Plaintiff Jeff Chojnacki alleges that he is the spouse of Dueringer. *See* Complaint, ¶ 4. However, Mr. Dueringer is not named as a party to the action, either as a Plaintiff, a Defendant, or a real party in interest.

Pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure ("FRCP"), Lexington moves this Court to dismiss Plaintiffs' complaint for failure to join Dueringer as a necessary and indispensable contracting party to the insurance contract, or alternatively to require Plaintiff to join Dueringer as a party.

## II. __FACTUAL BACKGROUND__

The underlying insurance dispute arises from the Cranston Fire which began to burn on or around July 23, 2018. *See* Complaint, ¶ 1. The Cranston Fire reached the insured's property but did not burn the residence. *See* Complaint, ¶ 1. Lexington allegedly "has already covered other losses caused by the Cranston Fire" yet has refused to pay for the damages to the roof or siding of the insured residence. *See* Complaint ¶ 13.

The Plaintiff further alleges the residence sustained significant damage to the roof and wood siding. *See* Complaint, ¶ 13. However, Lexington's investigation concluded that the alleged damage claimed by the Plaintiff was not a result from the fire but rather normal wear and tear. *Id.*

In his complaint, the Plaintiff alleges claims for (1) Declaratory Relief; (2) Breach of Contract; and (3) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing. *See* Complaint, pp. 5-6. Plaintiff's Complaint prays for actual damages including prejudgment interest, consequential damages, punitive damages,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1

MEMORANDUM OF POINTS AND AUTHORITIES

and attorneys' fees.  The Complaint also seeks declaratory relief concerning the policy benefits.  *See* Complaint, p. 7.

By way of Lexington's Request for Judicial Notice submitted with this motion, Lexington requests that the Court take judicial notice of real property transactions involving the insured property demonstrating that the Plaintiff does not appear on the title to the property in any capacity and that the record owner of the property at the time of the fire was "Dueringer Christopher L Trust." *See* Request for Judicial Notice, Exhibits A-C.

## III.    **LEGAL ARGUMENT**

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed.R.Civ.P. 12(b)(7).  In relevant part, Rule 19(a) provides that a person must be joined as a party when they are "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed.R.Civ.P. 19(a).  That person must also be joined if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action" and "disposing of the action in the person's absence" has the potential to (i) "impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id.*  Further, the court has the authority order that the person be made a party if they are not joined as required.  *Id.*

In *E.E.O.C v. Peabody W. Coal Co.* ("*Peabody III*"), 610 F.3d 1070, 1078 (9th Cir. 2010), the Ninth Circuit explained that the court must engage in "three successful inquiries" in determining whether a case must be dismissed under Rule 12(b)(7).

First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a 'person required to be joined if feasible.' If an absentee meets the requirements of Rule 19(a), the second stage is for the court to

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

MEMORANDUM OF POINTS AND AUTHORITIES

determine whether it is feasible to order that the absentee be joined. Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must be dismissed. A nonparty in whose absence an action must be dismissed is one who not only [has] an interest in the controversy, but [has] an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.

*Peabody III*, 610 F.3d at 1078 (internal quotations and citations omitted); *see also, Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008) ("determination of who may, or must, be parties to a suit has consequences for the persons and entities affected by the judgment; for the judicial system and its interest in the integrity of its processes and the respect accorded to its decrees; and for society and its concern for the fair and prompt resolution of disputes."); *Tribe v. Rancheria*, 787 F. App'x 421, 422 (9th Cir. 2019) ("Whether to dismiss for failure to join under Rule 19 is a three-part inquiry."); *see also*, *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 852–54 (9th Cir. 2019) (analyzing Rule 19 in three (3) steps.); *Fid. Nat'l Title Ins. Co. v. Terra Mktg., Inc.*, No. CV 15-02641-AB (ASX), 2015 WL 12765114, at *5 (C.D. Cal. Sept. 2, 2015) ("Rule 19 sets forth a three-step inquiry[.]").

## A.     Christopher Dueringer Is An Indispensable Party

Under *Peabody III*, the first inquiry requires the court to determine whether a nonparty should be joined under Rule 19(a).  That Rule requires a two-part analysis consisting first of determining "if an absent party is 'necessary' to the suit; then if…the party cannot be joined, the court must determine whether the party is "indispensable" (*sic*) so that in equity and 'good conscience' the suit should be

dismissed." *Makah Indian Tribe v. Verity* 910 F.2d 555, 558 (9th Cir. 1990).

In determining if the absent party is necessary to the suit, the court must first "decide if *complete relief* is possible among those already parties to the suit. This analysis is independent of the question whether relief is available to the absent party. [Citation.]" *Makah*, 910 F.2d at 558 (italics in original). The court also has to "determine whether the absent party has a *legally protected interest* in the suit." *Id.* (italics in original.) Also, the "interest" requirement is not limited to a legal interest. Rather, it is "broadly construed in order to require joinder of all conditionally necessary parties." *Lopez v. Martin Luther King, Jr. Hospital* 97 F.R.D. 24, 29 (C.D. Cal. 1983).

If the absent party has a legally protected interest, the court must further determine "whether that interest will be *impaired or impeded* by the suit" or determine "whether *risk of inconsistent rulings* will affect the parties present in the suit." *Makah*, 910 F.2d at 558-559 (italics in original); *see also* Fed. R. Civ. P. 19(a)(1)(B) (joinder is required if "disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest"). Therefore, if prejudice is found either to the existing parties or to the absentee, dismissal will be appropriate. *See*, Fed.R.Civ.P. 12(b)(7).

In the present matter, the basis of Plaintiff's complaint is that Lexington improperly denied coverage for damage to the roof and siding of the insured residence allegedly caused by the Cranston Fire, a covered loss. *See* Complaint, ¶¶ 16, 21-22. Plaintiff is an insured under the policy as defined because he is allegedly Dueringer's spouse. However, Dueringer is the named insured under the Lexington Policy, making him a party to the insurance contract. Generally, "where rights sued upon arise from a contract all parties to it must be joined." *Gauss v. Kirk*, 198 F.2d 83, 84 (D.C. Cir. 1952); *see also*, *Jacobsen v. Luckenbach S.S. Co.*, 201 F.Supp. 883, 889

1   (D.Or. 1961). Thus, "[t]he majority of courts hold that…joint obligees are

2   indispensable parties[.]" *Brackin Tie, Lumber & Chip Co., Inc. v. McLarty Farms,*

3   *Inc.*, 704 F.2d 585, 586 (11th Cir. 1983); *see, e.g., Bry–Man's, Inc. v. Stute,* 312 F.2d

4   585 (5th Cir.1963) (where two or more parties are joint obligees, they are necessary

5   parties in an action for enforcement of that obligation); *Harrell & Sumner Contracting*

6   *Co., Inc. v. Peabody Petersen Co.,* 546 F.2d 1227, 1228–29 (5th Cir.1977) (Absent

7   party, a joint venturer with plaintiff, was a necessary party because "any obligation

8   which might be owed by defendants would be owed to plaintiff and the [absent party]

9   jointly pursuant to the terms of their contract."); *Carnero v. Boston Scientific Corp.,*

10  433 F.3d 1, 18–19 (1st Cir.2006) (subsidiary was necessary where it was a signatory

11  to the agreement, it paid the plaintiff, and it allegedly breached the contract); *Burger*

12  *King Corp. v. Am. Nat'l Bank of Trust Co. of Chicago,* 119 F.R.D. 672, 675

13  (N.D.Ill.1988) ("If the absent party has a legally protected interest in the subject

14  matter of the action—i.e., he is a party to a contract at issue—he falls squarely within

15  the terms of Rule 19(a)(2)."); Wright, Miller & Kane, Federal Practice and Procedure:

16  Civil 3d § 1613 ("Since it typically is in the interest of the obligees to join in the

17  enforcement of their common right, this requirement [that absent obligees be joined]

18  does not impose any hardship, especially in light of the court's power to join an absent

19  person as an involuntary plaintiff.").

20      Indeed, multiple District Courts have long recognized that "a contracting party

21  is the paradigm of an indispensable party" in a contractual claim action. *Fiscus v.*

22  *Combus Fin. AG*, No. CIV.A. 03-1328(JBS), 2007 WL 4164388, at *5 (D.N.J. Nov.

23  20, 2007) (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518,

24  527 (D.Conn.1991)); *Amboy Bancorporation v. Jenkins & Gilchrist*, No. 02–CV–

25  5410, 2007 WL 2688885, at *2 (D.N.J. Sep. 12, 2007) (finding that a party with a

26  "direct and contractual personal liability relationship" with the plaintiff was a

27  necessary and indispensable party to a contractual claims action); *Prader v. Science*

28  *Dynamics Corp.*, No. 99–5303, 2000 U.S. Dist. LEXIS 18666, at * 14 (D.N.J. Dec.

19, 2000) (ruling that a "direct party to the contract" was necessary to a contractual claims action); *Rashid v. Kite*, 957 F.Supp. 70, 74 (E.D.Pa.1997) ("Generally, in breach of contract actions, all parties to the contract should be joined"); *Ryan v. Volpone Stamp Co., Inc.*, 107 F.Supp.2d 369, 387 (S.D.N.Y.2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party").

Here, Dueringer acquired the residence insured under the Lexington Policy on June 20, 2013 and transferred it to the Dueringer Christopher L Trust on August 26, 2014. *See* Request for Judicial Notice, Exhibits A-C. Dueringer is an obligee to whom Lexington owes a duty under the insurance contract as the obligor. Thus, Dueringer clearly has an interest relating to the subject of the action. For if Plaintiff prevails but is awarded damages which he and Dueringer consider insufficient and Dueringer later decides to bring a separate action to recover an additional amount of damages or further relief under the Lexington Policy for the same loss, Lexington could assert the defenses of res judicata and collateral estoppel. Consequently, any determination as to coverage for the alleged damage to the roof and siding by this Court would potentially impair Dueringer's contractual rights under the Lexington Policy. Therefore, Dueringer must be joined to the present action as an indispensable party because the Court cannot award complete relief among the existing parties.

However, "privity" as required to establish the defenses of res judicata and collateral estoppel is admittedly a nebulous concept, the satisfaction of which is never a certainty. *See*, *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24, 30 (C.D. Cal. 1983) ("It is normally easy to dispose of the first two questions…The question of "privity" is the most problematic aspect of this three-part test. First, it should be noted that there is no universal definition of the concept of privity."). If Plaintiff prevails for an amount unsatisfactory to him and he and Dueringer are not in privity, Lexington would be subjected to a possibility of a second suit. The fact that the Plaintiff is Dueringer's spouse does not conclusively establish that there is privity between

1  Plaintiff and Dueringer foreclosing Dueringer's rights under the insurance contract

2  with Lexington. "The concept of 'privity' is a legal conclusion, not a 'judgmental

3  process.'" *Benson & Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th

4  Cir. 1987) (quoting *Southwest Airlines Co. v. Texas International Airlines,* 546 F.2d

5  84, 95 (5th Cir. 1977). Additionally, the fact that Plaintiff and Dueringer are spouses

6  does not necessarily mean that Plaintiff's interest in the action are identical to those

7  of Dueringer, as each spouse has a separate insurable interest. *See*, *Davis v. Phoenix

8  Ins. Co.*, 111 Cal. 409 (1896); *see also*, *Tell v. Trustees of Dartmouth Coll.*, 145 F.3d

9  417, 419 (1st Cir. 1998) ("without a perfect identify of interests, a court must be very

10 cautious in concluding that a litigant will serve as a proxy for an absent party.)

11 Moreover, their marital status could change at any point during the litigation should

12 they separate or become legally divorced. As such, under Rule 19(b), Defendant

13 Lexington would be unfairly prejudiced if this action proceeds without requiring the

14 joinder of Dueringer.

15    Additionally, the Plaintiff alleges that Lexington "tortiously breached the

16 implied covenant of good faith and fair dealing" and seeks punitive damages. *See*

17 Complaint, ¶¶ 30, 32. Adjudicating Lexington's liability on that allegation without

18 the joinder of Dueringer would likewise subject Lexington to a substantial risk of

19 inconsistent obligations as to its duty of good faith and fair dealing to its insureds.

20 *Holotka v. First Liberty Ins. Corp.*, No. 1:13-CV-0650-WSD, 2013 WL 5493385, at

21 *2 (N.D. Ga. Oct. 2, 2013) (Joinder of named insured in bad faith action required

22 because absent named insured "ha[d] a central interest in the Policy at issue in this

23 litigation and his conduct is central to the resolution of this dispute…he actively

24 participated in the investigation and assertion of the damage claim at issue in this

25 action".)

26    On the other hand, should this Court decide that Lexington has fulfilled all of

27 its obligations under the contract and enters judgment in its favor, Dueringer, if he is

28 not bound by the judgment in this action due to the lack of privity, may nevertheless

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7

MEMORANDUM OF POINTS AND AUTHORITIES

1  pursue a similar action for damages.  That prospect clearly presents the possibility of
2  Lexington being subjected to inconsistent obligations.  Consequently, the only
3  solution is to dismiss the action or require Dueringer's joinder.

4       **B.**    <u>**Joinder Of Dueringer Is Feasible**</u>

5      "Rule 19(a) sets three circumstances in which joinder is not feasible: when
6  venue is improper, when absentee is not subject to personal jurisdiction, and when
7  joinder would destroy subject matter jurisdiction." *E.E.O.C. v. Peabody W. Coal Co.,*
8  ("*Peabody II*"), 400 F.3d 774, 779 (9th Cir. 2005).

9      Here, joinder of Dueringer is feasible because he is a resident of Los Angeles
10 County.  *See* Complaint, Exhibit "A," p. 18 of 80 (Policy Declaration page showing
11 Dueringer's address at 3770 Glenridge Dr. Sherman Oaks, CA 91423.) Thus, venue
12 is proper and Dueringer is subject to personal jurisdiction under this Court.
13 Additionally, subject matter jurisdiction would not be destroyed because Plaintiff also
14 resides in Los Angeles County and Defendant Lexington is a corporation incorporated
15 under the laws of the State of Delaware with its principal place of business located in
16 the State of Massachusetts.  *See*, *Hertz Corp v. Friend,* 559 U.S. 77, 92-93 (2010).

17
18     **C.**    <u>**If Dueringer Is Not Joined In Equity And Good Conscience, Plaintiff's Complaint Should Be Dismissed**</u>

19     In the third inquiry the Court is to consider that if joinder is not feasible,
20 whether the case can proceed without the absentee or whether the action must be
21 dismissed. *Peabody III*, 610 F.3d at 1078.  In the present matter, the joinder of
22 Dueringer is feasible. Thus, the Court should order that he be joined as a Plaintiff.
23 However, if Plaintiff fails to join Dueringer as a Plaintiff, the Court should dismiss
24 the action because judgment in favor or against the Plaintiff will affect Dueringer's
25 contractual interest under the Lexington Policy.
26 / / /
27 / / /
28 / / /

## IV.   <u>CONCLUSION</u>

Plaintiff has failed to join all necessary and indispensable parties. For the foregoing reasons, this motion to dismiss for failure to join required party under Rule 19, pursuant to FRCP 12(b)(7) and Rule 19 should be granted, or alternatively Plaintiff should be required to join Dueringer as a party.

Dated:  July 24, 2020                          McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____

James P. Wagoner
Lejf E. Knutson
Maria E. Valencia
Attorneys for LEXINGTON INSURANCE COMPANY

6953220.1

## PROOF OF SERVICE

**Jeff Chojnacki v. Lexington Insurance Company**
**Case No. 2:20-cv-06377-JAK-AS**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On July 24, 2020, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEXINGTON INSURANCE COMPANY'S MOTION TO DISMISS** on the interested parties in this action as follows:

Aren Debarseghian                               *Counsel for Plaintiff Jeff Chojnacki*
Amir Abdizadeh
DERBARSEGHIAN & ABDIZADEH P.C.
535 N. Brand Blvd., Ste. 280
Glendale, CA 912036
Phone: (818) 574-0845
Fax: (818) 936-9696
Email: aren@dalawgroup.com
       amir@dalawgroup.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 24, 2020, at Fresno, California.

/s/ Heather M. Raymond
Heather M. Raymond

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

MEMORANDUM OF POINTS AND AUTHORITIES